UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>BURNLOUNGE, INC.,<br>   a corporation;<br>JUAN ALEXANDER ARNOLD,<br>   an individual;<br>JOHN TAYLOR,<br>   an individual;<br>ROB DEBOER,<br>   an individual; and<br>SCOTT ELLIOTT,<br>   an individual;<br>         Defendants. | Case No. **CV 07-3654 GW FMOx**<br><br>**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT SCOTT ELLIOTT**<br><br>Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6  **NO**<br>JS-2/JS-3 ___<br>Scan Only___ |

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed a Complaint for a permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"). The Complaint charged Defendants with violations of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a).

Plaintiff FTC and Defendant Scott Elliott ("Defendant Elliott") have agreed to entry of this Stipulated Final Order for Permanent Injunction and Other Equitable Relief ("Order") by the Court to resolve all charges against Defendant Elliott set forth in the Complaint and all matters in dispute between Plaintiff and Defendant Elliott in this action. Plaintiff and Defendant Elliott having requested the Court to enter this Order, the Court hereby finds and orders as follows:

## FINDINGS

1. This is an action by the FTC instituted pursuant to Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b). The Commission seeks both permanent injunctive relief and consumer redress against Defendants for alleged deceptive acts and practices in connection with the advertising, marketing and sale

of opportunities to operate on-line digital music stores.

2. This Court has jurisdiction of the subject matter of this case and over Defendant Elliott.

3. Venue in the Central District of California is proper.

4. The Complaint states claims upon which relief may be granted against Defendant Elliott under Sections 5 and 13(b) of the FTC Act, as amended, 15 U.S.C. §§ 45 and 53(b).

5. The activities of Defendant Elliott charged in the Complaint are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. Defendant Elliott has entered into this Stipulated Final Judgment and Permanent Injunction ("Order") freely and without coercion. Defendant Elliott further acknowledges that he has read or otherwise been fully advised of the provisions of this Order and is prepared to abide by it.

7. Defendant Elliott denies liability for the charges in the Complaint, and there has been no final adjudication of whether the charges in the Complaint are true.

8. Defendant Elliott has waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant Elliott has also waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by PL 104-121, 110 Stat. 847, 863-64 (1996).

9. Defendant Elliott waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order.

10. The parties shall each bear their own costs and attorney's fees incurred in this action.

11. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

12. Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Business Venture" means any written or oral business arrangement, however denominated, whether or not covered by 16 C.F.R. Parts 436 or 437, that consists of the payment of any consideration for (i) the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising or other commercial symbol); and (ii) assistance to any person in connection with or incident to the establishment, maintenance, or operation of a new business, or the entry by an existing business into a new line or type of business.

2. "Consumer" means an actual or potential purchaser, customer, subscriber, or natural person.

3. "Defendant Elliott" means Defendant Scott Elliott.

4. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, electronically stored information, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. "Material fact" means any fact likely to affect a person's choice of, or conduct regarding, goods or services.

6. "Multi-Level Marketing Program" means any marketing program in which participants pay money to the program promoter in return for which the participants obtain the right to: (1) recruit additional participants, or have additional participants placed by the promoter or any other person into the program participant's downline, tree, cooperative, income center, or other similar program

grouping; (2) sell goods or services; and (3) receive payment or other compensation, in whole or in part, based upon the sales of those in the participants downline, tree, cooperative, income center or similar program grouping.

7. "Participating in any prohibited marketing scheme" includes, but is not limited to, promoting, marketing, advertising, offering for sale, or selling, or assisting others in the offering for sale or selling the right to participate in, the prohibited marketing scheme, as well as acting or serving as an officer, director, employee, salesperson, agent, shareholder, advisor, consultant, independent contractor, or distributor, or acting as a speaker or spokesperson on behalf of, any prohibited marketing scheme.

8. "Prohibited Marketing Scheme" means a pyramid sales scheme, Ponzi scheme, chain marketing scheme, or other marketing plan or program in which participants pay money or valuable consideration in return for which they obtain the right to receive rewards for recruiting other participants into the program, and those rewards are unrelated to the sale of products or services to persons who are not participants in the marketing plan or program.

## ORDER

### I. Prohibition Against Participating in Any Prohibited Marketing Scheme

IT IS THEREFORE ORDERED that Defendant Elliott and his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, or other device are permanently restrained and enjoined from engaging, participating or assisting in any manner or capacity whatsoever, in any Prohibited Marketing Scheme.

### II. Prohibited Representations

IT IS FURTHER ORDERED that, in connection with the advertising, promotion, offering for sale, or sale, or assisting others in the advertising,

promotion, offering for sale, or sale of any Multi-level Marketing Program or Business Venture, Defendant Elliott and his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from making, expressly or by implication, orally or in writing, any false or misleading statement or misrepresentation of material fact including, but not limited to, the following:

A.  Misrepresentations about the amount of sales, income, or profits that a participant in such Multi-level Marketing Program or Business Venture can reasonably expect to achieve;

B.  Misrepresentations about the amount of sales, income, or profits that a participant or participants in such Multi-level Marketing Program or Business Venture have actually achieved;

C.  Misrepresentations about the profitability of participating in such Multi-level Marketing Program or Business Venture

D.  Misrepresentations that a person who participates in such Multi-level Marketing Program or Business Venture can reasonably expect to recoup his or her investment;

E.  Misrepresentations of any reward offered to or earned by participants in such Multi-level Marketing Program or Business Venture; and

F.  Misrepresentations of the legality of such Multi-level Marketing Program or Business Venture.

### III. Prohibition Against Material Omissions

IT IS FURTHER ORDERED that, in connection with the advertising, promotion, offering for sale, or sale, or assisting others in the advertising, promotion, offering for sale, or sale of any Multi-level Marketing Program or Business Venture, Defendant Elliott and his agents, servants, employees, and

attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from failing to disclose, clearly and conspicuously, to any participant or prospective participant in any Multi-level Marketing Program or Business Venture to whom any earnings, profits or sales volume claims have been made:

    A.    The number and percentage of participants in the Multi-level Marketing Program or Business Venture who have earned, profited or sold at least the amount represented; and

    B.    The number and percentage of participants in the Multi-level Marketing Program or Business Venture who have made a profit through their participation in the Multi-level Marketing Program or Business Venture.

## IV. Equitable Monetary Relief

IT IS FURTHER ORDERED that:

    A.    Judgment is hereby entered in favor of the Commission and against Defendant Elliott in the amount of One hundred and seventeen thousand seven hundred ten and 69/100 dollars ($117,710.69), for payment of equitable monetary relief.

    B.    Except as provided in Paragraph V of this Order, the judgment shall be suspended if the following conditions are satisfied:

        1.    Defendant Elliott shall within ten (10) days of entry of this Order pay to the Federal Trade Commission the amount of Twenty thousand dollars ($20,000) in equitable monetary relief. No portion of any payments under this Order shall be deemed a payment of any fine, penalty, or punitive assessment.

        2.    Defendant Elliott shall pay all amounts due under this Order in cash by electronic funds transfer to the Commission,

or to such agent as the Commission may direct, pursuant to instructions provided by the Commission through its attorneys to be used for equitable relief.

C. Any and all funds paid pursuant to this Order, including this Paragraph IV, shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. Defendant Elliott will cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. In the event that redress to purchasers is wholly or partially impracticable, or any funds remain after redress is completed, the Commission may at its sole discretion apply any remaining funds to such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendant Elliott shall have no right to contest the manner of distribution chosen by the Commission. The Commission in its sole discretion may use a designated agent to administer consumer redress.

## V. Right to Reopen As to Monetary Judgment

IT IS FURTHER ORDERED that:

A. The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of the "Financial Statement of Individual Defendant," dated July 12, 2007, that Defendant Elliott has previously submitted to the Commission. Said financial statements and supporting documents contain material information upon which the FTC has relied in negotiating and agreeing to the terms of this Order.

B. If, upon motion by the Commission to the Court, the Court finds that Defendant Elliott failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission

from his financial statement, then judgment in the amount of One hundred and seventeen thousand seven hundred ten and 69/100 dollars ($117,710.69) shall be entered and will become immediately due and payable, less any payments already made. *Provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court.

  C. For purposes of this Paragraph, and any subsequent proceedings to enforce payment, including, but not limited to, a non-dischargeability complaint filed in a bankruptcy proceeding, Defendant Elliott stipulates to all of the allegations of the FTC's complaint.

  D. Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the FTC may initiate to enforce this Order.

### VI. Acknowledgment of Receipt of Order by Defendant

IT IS FURTHER ORDERED that Defendant Elliott, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### VII. Record Keeping Provisions

IT IS FURTHER ORDERED that for a period of eight (8) years from the date of entry of this Order, Defendant Elliott, in connection with any company or business where Defendant Elliott is the majority owner or otherwise controls the business, whether directly or through any corporation, business entity or person, and his agents, employees, corporations, successors and assigns, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise are hereby restrained and enjoined from failing to create and retain the following records:

  A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

  B. Personnel records accurately reflecting: the name, address, and

telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

      C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

      D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

      E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

      F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph X, and all reports submitted to the FTC pursuant to Paragraph IX.

### VIII. Compliance Monitoring

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

      A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Elliott shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation.

      B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

            1.    obtaining discovery from any person, without further leave of

    court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

  2. posing as consumers and suppliers to Defendant Elliott, his employees, or any other entity managed or controlled in whole or in part by Defendant Elliott, without the necessity of identification or prior notice; and

 C. Defendant Elliott shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

### IX. Compliance Reporting by Defendant

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

 A. For a period of five (5) years from the date of entry of this Order,

  1. Defendant Elliott shall notify the Commission of the following:

   a. Any changes in residence, mailing addresses, and telephone numbers of Defendant Elliott, within ten (10) days of the date of such change;

   b. Any changes in employment status (including self-employment) of Defendant Elliott, and any change in the ownership of Defendant Elliott in any business entity, within ten (10) days of the date of such change. Such

      notice shall include the name and address of each business that Defendant Elliott is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Defendant Elliott's duties and responsibilities in connection with the business or employment; and

  c. Any changes in Defendant Elliott's name or use of any aliases or fictitious names; and

 2. Defendant Elliott shall notify the Commission of any changes in corporate structure of any business entity that he directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant Elliott learns less than thirty (30) days prior to the date such action is to take place, Defendant Elliott shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, Defendant Elliott shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

 1. The then-current residence address, mailing addresses, and

telephone numbers of Defendant Elliott;

2. The then-current employment and business addresses and telephone numbers of Defendant Elliott, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant Elliott, for each such employer or business;

3. A copy of each acknowledgment of receipt of this Order obtained by Defendant Elliott pursuant to Paragraph X of this Order; and

4. Any other changes required to be reported under Subparagraph A of this Paragraph.

C. For the purposes of this Order, Defendant Elliott shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Federal Trade Commission
Associate Director for Enforcement
601 New Jersey Avenue, N.W.
Washington, D.C. 20001
Re: *FTC v. BurnLounge, et al.* Civ. No. 07-3654-GW FMOx

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant Elliott.

## X. Distribution of Order by Defendant

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant Elliott shall deliver copies of the Order as directed below:

A. For any business that Defendant Elliott controls, directly or indirectly, or in which Defendant Elliott has a majority ownership interest, Defendant Elliott must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Elliott must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. For any business where Defendant Elliott is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Elliott must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C. Defendant Elliott must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph.

## XI. Cooperation with FTC Counsel

IT IS FURTHER ORDERED that Defendant Elliott shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant Elliott shall appear and provide truthful testimony in any trial, deposition, or other

proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without service of subpoena.

## XII. Independence of Obligations

IT IS FURTHER ORDERED that each of the obligations imposed by this Order is independent of all other obligations under the Order, and that the expiration of any requirements imposed by this Order shall not affect any other obligation arising under this Order.

## XIII. Costs and Attorneys Fees

IT IS FURTHER ORDERED that each party to this Order bear its own costs and attorneys fees incurred in connection with this action.

## XIV. Continued Jurisdiction

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including construction, modification and enforcement of this Order.

Dated: 16th of June, 2008

_____
Hon. George H. Wu
United States District Judge

| | |
|---|---|
| 1 | **THE PARTIES STIPULATE TO THE FOREGOING ORDER:** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | */s/ Chris M. Couillou* |
| 7 | Chris M. Couillou, Esq. |
|   | ccouillou@ftc.gov |
| 8 | Counsel for the Plaintiff |
|   | Federal Trade Commission |
| 9 | 225 Peachtree Street, Suite 1500 |
|   | Atlanta, GA 30303 |
| 10 | (404) 656-1353 (voice) |
|   | (404) 656-1379 (fax) |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | */s/ Thomas A Brackey II*           */s/ Scott Elliott* |
| 16 | Thomas A Brackey II, Esq. (SBN162279)   Defendant Scott Elliott |
|   | tbrackey@freundandbrackey; |
| 17 | Freund & Brackey LLP |
|   | Counsel for Defendant Elliott |
| 18 | 427 North Camden Drive |
|   | Beverly Hills, CA 90210 |
| 19 | (310) 247-2165 (telephone) |
|   | (310) 247-2190 (facsimile) |
Page 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BURNLOUNGE, INC.,<br>a corporation;<br>JUAN ALEXANDER ARNOLD,<br>an individual;<br>JOHN TAYLOR,<br>an individual;<br>ROB DEBOER,<br>an individual; and<br>SCOTT ELLIOTT,<br>an individual;<br>Defendants. | Case No. **CV 07-3654 GW FMOx**<br><br>**AFFIDAVIT CERTIFYING RECEIPT OF FINAL ORDER** |

I, Scott Elliott, being duly sworn, hereby states and affirms as follows:

1. My name is _____, and I have personal knowledge of the facts set forth in this Affidavit.

2. I am a Defendant in the above-styled civil action.

3. On _____, 2008, I received a copy of the Final Judgment and Order for Permanent Injunction, which was signed by the Honorable George H. Wu and entered by the Court on ____ of

Page 1

1  _____, 2008. A true and correct copy of the Order that was
2  received is appended to this Affidavit.
3
4  **I declare under penalty of perjury that the foregoing is true and correct.**
5  Executed this \_\_\_\_\_ day of _____, 2008 in _____
6  County, State of _____.
7
8                               By: _____
9                                    Scott Elliott
10
11
12
13
14  _____
15  Notary Public
16
17  My Commission expires: _____

# CERTIFICATE OF SERVICE

I, Chris M. Couillou, hereby certify as follows:

1. I am an attorney employed by and representing the Federal Trade Commission. I am not a party to this action.

2. On June 13, 2008, I served the foregoing document, entitled "Stipulated Final Order for Permanent Injunction and Other Equitable Relief Against Defendant Scott Elliott" on interested parties in this matter by causing a true and correct copy to be filed via the CM/ECF system and mailed, postage prepaid, by United States first class mail, to the following:

Thomas A Brackey II, Esq.
Derek S. Lemkin, Esq.
Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

Michael Wachtell, Esq.
Lawrence B. Steinberg, Esq.
Buchalter Nemer, PC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457

Mr. John Taylor
614 Lester
Houston, Texas 77007

Mr. Robert E. DeBoer
316 Amberwood Circle
Irmo, South Carolina 29063

I hereby certify that the foregoing is true and correct. Executed on this 13th day of June 2008 at Atlanta, Georgia.

Chris M. Couillou
Counsel for Plaintiff
Federal Trade Commission